## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**BRADLEE JORDAN,**
**Grievant Below, Petitioner**

**FILED**
**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-19**          (Grievance Bd. No. 2022-0059-LinED)

**LINCOLN COUNTY BOARD OF EDUCATION**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Bradlee Jordan appeals the July 6, 2022, decision of the West Virginia Public Employees Grievance Board ("Grievance Board"). Respondent Lincoln County Board of Education ("Lincoln BOE") timely filed its response.[1] Mr. Jordan did not file a reply. On appeal, Mr. Jordan argues that the Grievance Board erred and abused its discretion in denying his grievance that protested the termination of his employment as a teacher with the Lincoln BOE.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the lower tribunal's decision is reversed.

Mr. Jordan was formerly employed at Lincoln County High School as a special education teacher. On April 5, 2021, Mr. Jordan appeared at the central office of the Lincoln BOE to meet with the Assistant Superintendent, Josh Brumfield, regarding an unrelated investigation of another employee. During the meeting, Mr. Jordan volunteered that he had brought moonshine to Lincoln County High School, provided moonshine to another employee, and that he and another employee had "sampled" the moonshine in the school, as well as consumed alcohol at school on multiple other occasions. Mr. Jordan was then placed on paid administrative leave beginning April 5, 2021, and the Lincoln BOE began an investigation. During the investigation, two mason jars were found in Mr. Jordan's cubicle which contained liquid that smelled of alcohol, and an additional two empty jars that smelled of alcohol.

---

[1] Mr. Jordan is represented by Alan L. Pritt, Esq. Lincoln County Board of Education is represented by Leslie K. Tyree, Esq.

The Superintendent of Lincoln County Schools, Jefferey Kelley, made several attempts to meet with Mr. Jordan following the discovery of the mason jars, but Mr. Jordan refused to meet with him or offer any explanation. Mr. Jordan did not appear for a scheduled April 13, 2021, meeting with Superintendent Kelley. On April 13, 2021, Mr. Jordan tendered a letter of resignation to counsel for Lincoln BOE. The following day, Superintendent Kelley informed Mr. Jordan that he would recommend termination of Mr. Jordan's employment and would not accept his resignation. Mr. Jordan, through counsel, advised Superintendent Kelly that he would not be attending the meeting, and asked that his resignation be reconsidered.

Mr. Jordan received a letter dated April 20, 2021, from the Lincoln BOE which provided notice of a "Due Process Meeting" that would be held on April 23, 2021, during which Mr. Jordan would be provided an opportunity to explain his previous statements, as well as the discovery of the mason jars in his cubicle. Mr. Jordan did not appear at the Due Process Meeting. Mr. Jordan was then advised by letter dated April 29, 2021, that Superintendent Kelly would recommend to the Lincoln BOE that his employment be terminated. At this time, Mr. Jordan was suspended without pay pending the next Lincoln BOE meeting. Mr. Jordan's contract with the Lincoln BOE expired on June 10, 2021. The Lincoln BOE met on June 15, 2021, and voted to retroactively terminate Mr. Jordan's employment effective June 4, 2021. Mr. Jordan was notified of his termination by a letter dated June 16, 2021.

Mr. Jordan grieved the termination of his employment. On October 1, 2021, he waived his grievance to a level three hearing. A level three hearing was held before the Grievance Board on April 4, 2022. The parties submitted proposed findings of fact and conclusions of law. The Grievance Board entered its written decision on July 6, 2021. The Grievance Board found that the Lincoln BOE established justification for the termination by a preponderance of the evidence, that mitigation of the termination was not warranted, and that the Lincoln BOE established that Mr. Jordan had violated applicable provisions of the employee code of conduct and West Virginia Code § 18A-2-8 (2022). Further, the Grievance Board held that the Lincoln BOE's decision to pursue discipline was not arbitrary and capricious, or a violation of any statute, policy, or rule. The Grievance Board upheld Mr. Jordan's termination and this appeal followed.

Our standard of review is as follows:

A party may appeal the decision of the administrative law judge on the grounds that the decision:
(1) Is contrary to law or a lawfully adopted rule or written policy of the employer;
(2) Exceeds the administrative law judge's authority;
(3) Is the result of fraud or deceit;

(4) Is clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(5) Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 6C-2-5 (2007); *accord* W. Va. Code § 29A-5-4g (2021) (specifying the standard for appellate review of an administrative appeal).

Further, the Supreme Court of Appeals of West Virginia has held that "[t]he 'clearly wrong' and 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996); *see also*, Syl. Pt. 1, in part, *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996) (a reviewing court may not overturn a finding simply because it would have decided the case differently).

On appeal, Mr. Jordan asserts two assignments of error. First, Mr. Jordan asserts that his termination is contrary to the written policy and procedures of the Lincoln BOE because his employment was terminated after his contract term with the Lincoln BOE concluded on June 10, 2021. In his second assignment of error, Mr. Jordan argues that the decision to uphold his termination was arbitrary and capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. Mr. Jordan asserts that his previous performance evaluations were positive, there were no prior disciplinary actions against him, and that the Grievance Board failed to provide adequate evidence or justification for terminating his employment.

With respect to the resignation of teachers, West Virginia Code § 18A-2-2(f) (2016) provides that:

[a] ny classroom teacher, as defined in section one, article one of this chapter, who desires to resign employment with a county board or request a leave of absence, the resignation or leave of absence to become effective on or before July 15 of the same year and after completion of the employment term, may do so at any time during the school year by written notification of the resignation or leave of absence. . . .

Mr. Jordan tendered his letter of resignation on April 13, 2021.[2] The record demonstrates that Mr. Jordan properly submitted his resignation to the Lincoln BOE during

---

[2] This case is distinguishable from *Bolyard v. Bd. of Educ. of Grant County*, 214 W. Va. 381, 589 S.E.2d 523 (2003), where the Supreme Court of Appeals of West Virginia held that the petitioner had no clear right to resign and terminate her contract. In that case, the petitioner was not subject to disciplinary action, and her resignation was submitted

the school year. The Lincoln BOE acted improperly in refusing Mr. Jordan's timely resignation and in voting to terminate his employment over two months after his resignation letter was submitted. Further, West Virginia Code § 18A-2-8 (d) contemplates the resignation of a school employee during an investigation, and states "[a] county board shall complete an investigation of an employee that involves evidence that the employee may have engaged in conduct that jeopardizes the health, safety, and welfare of students, despite the employee's resignation from employment prior to completion of the investigation."

The Grievance Board's decision to uphold Mr. Jordan's termination despite his timely resignation is not supported by the substantial evidence. For these reasons, we find that the Grievance Board was clearly wrong in upholding Mr. Jordan's termination.

Accordingly, we reverse the Grievance Board's July 6, 2022, decision.

Reversed.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

outside of the appropriate statutory time frame under West Virginia Code § 18A-2-2(c) after the school year had ended. Here, Mr. Jordan timely submitted his resignation, and he did not have a contract to continue teaching for the following school year.